**Ex parte COLLINS.**

No. 3127.

Court of Civil Appeals of Texas. Beaumont.

May 18, 1937.

Rehearing Denied May 26, 1937.

A. L. Bevil, of Kountze, for appellant.

B. A. Coe and H. A. Coe, both of Kountze, for appellees.

O'QUINN, Justice.

On September 9, 1936, Gabe Collins filed suit in the district court of Hardin county, Tex., against D. D. Griffin and his wife, Etta Griffin, in the nature of habeas corpus proceedings, for the custody of his (Gabe Collins') infant son, Earl Denvord Collins. The writ was granted, but upon final hearing judgment was against applicant Collins, awarding the custody of the child (a small baby) to Etta Griffin temporarily, that is until the further order of the court. This appeal is from that order.

Upon request of appellant, Collins, the court filed his findings of fact and conclusions of law. They follow:

"Findings of Fact

"I find: That Gabe Collins, the applicant herein, is the father of Earl Denvord Collins who was born on the 2nd day of September, 1935, and that immediately after birth of said Earl Denvord Collins his mother died; that his mother was the daughter of Thomas Williford and also the sister of Etta Griffin, wife of D. D. Griffin; that immediately after the death of Mrs. Gabe Collins, the plaintiff, Gabe Collins, took the infant baby, Earl Denvord Collins, together with his other two children, both girls, aged five and seven years, to the home of D. D. Griffin and wife, Etta Griffin, and there remained in the home of said D. D. Griffin and wife with said three children until September 2nd, 1936, during which time the said plaintiff, Gabe Collins, worked at the sawmill at Honey Island, Texas, almost all of the time, leaving home early in the mornings and returning in the late afternoon or

early evening, and that except at nights and on Sundays the entire responsibility of caring for said child was upon Etta Griffin; that said plaintiff, Gabe Collins, contributed liberally to the support of the family and the relationship was apparently entirely pleasant until about the 2nd day of September, 1936, when said D. D. Griffin whipped one of said Gabe Collins' little girls with a razor strap. Mr. Collins became incensed at the treatment of this little girl and took both of the little girls to the home of his sister, Mrs. Tolar, some four miles distant to the town of Village Mills, and about the same time requested that he be permitted to take the child in controversy, Earl Denvord Collins, which request was by D. D. Griffin and wife refused, which refusal was the occasion for his suing out a writ of habeas corpus and asking possession of his infant child, Earl Denvord Collins.

"That said Etta Griffin, wife of D. D. Griffin, is also the daughter of Thomas Williford and sister of Mrs. Gabe Collins, and she was present at the birth of said Earl Denvord Collins and at the death of its mother. That at the time of the birth of said child it was sick and weak and almost died and perhaps would have died had it not been for the ardent and persistent care and nursing of said Mrs. Etta Griffin who continued to care for and love it as it were her own and until the time of this suit. That at the time of the trial of said cause said child was apparently ill with something like trench mouth and demanded special care. The said child has been and is now being nursed and nourished from a bottle and that said Etta Griffin takes special care and pains in caring for the child and preparing its food and so loved it that she desires to keep and care for it just as though it were her own. That D. D. Griffin and wife own their home in which they live but do not own the land upon which the house is built; they have two or three cows and a scant amount of household goods and dependent for a livelihood upon whatever odd jobs Mr. Griffin may get. That said Gabe Collins is now and has been working regularly for Kirby Lumber Company at the sawmill at Honey Island and he and his two daughters reside with his sister, Mrs. Tolar, at Village Mills. That said Mrs. Tolar, sister of Gabe Collins, has three children of her own and that her husband also works at the sawmill and that she is able and willing to care for said child while Mr. Collins is at work. That said Gabe Collins, plaintiff, is very fond of his baby Earl Denvord Collins, which is the only male child of the family and desires to keep and rear the three children together. That the feeling between Gabe Collins, plaintiff, and D. D. Griffin is such that it is not probable that said Gabe Collins and his three children could live harmoniously in the home of said D. D. Griffin and wife.

"From the above facts, I concluded that the best interests of the infant, Earl Denvord Collins, would be better subserved by having its care, custody, and maintenance remain temporarily with Mrs. Etta Griffin and that the law is with the defendants."

On the above findings, the court refused plaintiff the custody of his child, and awarded same to its aunt, Etta Griffin, until the further order of the court.

▮▮ Mrs. Griffin was the sister of Mrs. Collins, deceased, mother of the child. Mrs. Tolar is the sister of Gabe Collins, father of the child. They, Mrs. Griffin and Mrs. Tolar, are each willing to take and care for the child. There is nothing in the court's findings that indicates objections to the family atmosphere of either the Griffins or the Tolars. Griffin has no regular employment—he and his family, according to the findings of the court, must subsist upon whatever he may obtain from "odd jobs" that he might be able to procure. Collins had and has regular employment at the Kirby Lumber Company. He (Collins) contributed liberally to the maintenance of the Griffin family and his own three children while he lived with the Griffins. Tolar, his brother-in-law, where he carried his two small girls upon the rupture of pleasant relations between him and Griffin occasioned by Griffin's whipping one of Collins' little girls, has regular employment, and he and his wife, sister to Collins, are able and willing to take the child into their home and with its father care for it. That Tolar has children of his own does not militate against the home being proper and adapted to the best interest of the child. The law is well settled that the best interests of the child must prevail over the wishes and contentions of both parties. The only question for us to decide is whether the best interest of the child will be met by its being left with its aunt, Mrs. Griffin, or its custody restored to its father, who loves and yearns for it, together with its care in the home of its other aunt, Mrs. Tolar, sister to Collins. Under the findings of the court, there is no question but that Collins, its father, is much better able to care for and maintain the child than Griffin. Also that Tolar is bet-

ter situated, financially, than Griffin to aid in the matter, and he and his wife, the court says, are able and willing to take and care for the baby. It is very commendable that Mrs. Griffin loves and wishes for the child of her dead sister, and likewise the same on the part of Mrs. Tolar. They both are to be commended. Collins is its father, wants his children reared together, is able to support them, and, his wife being dead, wishes to place his children not only in his own sister's care, but to keep them together in his own custody. He is the natural and lawful guardian of the child and entitled to its custody, and it appearing that its best interest and welfare can and will be met by its being in the custody of its father, against whom no showing of disqualification is made, the court should have awarded its custody to him.

The judgment is reversed and here rendered, awarding the custody of the child to appellant.